UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES EVERETT SHELTON<br><br>       Plaintiff,<br><br>    v.<br><br>PARAMOUNT HOLDING COMPANY LLC<br>d/b/a PARAMOUNT PAYMENT SYSTEMS<br><br>       Defendant. | Case No.  1:18-cv-00313-BLW<br><br>**DISCOVERY PLAN** |

I.  <u>Preservation</u>

   a.  **<u>Preservation & Proportionality:</u>**  The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

   b.  **<u>Electronically Stored Information (ESI):</u>**  With regard to ESI, the parties agree that:

   i.  **<u>Date Range:</u>**  Only ESI created or received between March 20, 2018 and May 15, 2018 will be preserved;

   ii.  **<u>Scope of Preservation:</u>**  The parties agree to:

   1.  Preserve the Following Types of ESI

      a.  Phone records and email messages.

   2.  From the Following Custodians or Job Titles:

      a.  Jared McDaniel, James Shelton.

   3.  From the Following Systems, Servers, or Databases

      a.  Paramount, DTX Business Solutions.

-1-

      iii.  **ESI Retention Protocols:**  Going forward, the parties agree not to modify the document and ESI retention/destruction protocols of Paramount Payment Systems.

      iv.  **Cost Sharing:**

The parties agree to bear their own costs for preservation of e-discovery.

II.  <u>Initial Disclosures</u>

  a.  The parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be provided on the following dates:

- Plaintiffs:    April 22, 2019.
- Defendants:   April 22, 2019.

III.  <u>Scope of Discovery</u>

  a.  **Scope:**  Discovery is necessary on the following subjects/issues:

- For Plaintiff:
  1. Do Not Call Registry;
  2. Phone Records;
- For Defense:
  3. Phone Records;

IV.  <u>Discovery Boundaries</u>

  a.  **Limits:**  The parties agree to limit the number of discovery tools as follows:

    ☒Depositions:           5

    ☒Interrogatories:      5

    ☒Requests for Production:   5

V.  <u>ESI</u>

a. **ESI File Format:**  The parties agree to produce documents in the following file format[s] *[check any that apply]*:

        ☒PDF;

        ☐TIFF;

        ☐Native; and/or

        ☒Paper.

b. **ESI Production Format:**  The parties agree that documents will be produced with logical document breaks;

c. **General ESI Production vs. E-mail Production:**  The parties agree that general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail").  To obtain e-mail parties must propound specific e-mail production requests.

d. **E-mail Custodian List Exchange:**  On or before April 15, 2019, the parties agree to exchange lists identifying (1) likely e-mail custodians, and (2) a specific identification of the *[15]* most significant listed e-mail custodians in view of the pleaded claims and defenses.

e. **Discovery Re E-mail Custodians, Search Terms & Time Frames:**  Each requesting party may propound up to 5 (five) written discovery requests and take 1 (one) deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests.  The court may allow additional discovery upon a showing of good cause.

    f.   **Form of E-mail Production Requests:** E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.

    g.   **Limits on E-mail Production Requests – Custodians:** Each requesting party shall limit its e-mail production requests to a total of 8 (eight) custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave.

    h.   **Limits on E-mail Production Requests – Keyword Search Terms:** Each requesting party shall limit its e-mail production requests to a total of 10 (ten) keyword search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The keyword search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.

VI.   Deadlines

    a.   The deadline for the completion of fact discovery is: May 1, 2019.

    b.   The deadline for completion of expert witness discovery is: May 1, 2019.

    c.   **Post-Complaint Communications:** Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

VII.   <u>Protective Order</u>

a.  The parties have agreed to the terms of a Protective Order to protect trade secrets, proprietary material and personal information and will submit that to the Court for its approval.

b.  The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets the Ninth Circuit standards for sealing.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

DATED:  March 22, 2019

_____
Attorney for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 22, 2019 I served the foregoing Initial Disclosure Statement on the

following counsel of record via electronic mail and first-class mail.

> Brian Anthony Reo
> REO LAW LLC
> PO Box 5100
> Mentor, Ohio 44061
> (Business): (216) 505-0811
> (Personal): (440) 313-5893
> Attorney for Plaintiff

Respectfully submitted,

*Jennifer Hearne*

By:   Jennifer A. Hearne, ISB #8713
      J.A. Hearne Law, PLLC
      4897 Lakeview Place
      Boise, ID 83714
      Telephone:  (208) 371-2999
      Attorney for Defendant